UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JENNIFER JAYLEE,
    Plaintiff,

v.                                                   Case No.: 3:24cv00096/LAC/ZCB

JEFFREY R SUTTON, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This case is before the Court on Plaintiff's "Motion for Preliminary Injunction and Motion for Emergency Show Cause Hearing." (Doc. 3). For the reasons below, the undersigned recommends that Plaintiff's motion be denied.

### I.  Background

Plaintiff names her brother and sister-in-law, Jeffrey and Wendy Sutton, as the sole Defendants in this case. In summary, Plaintiff's complaint alleges, *inter alia*, that Defendant Jeffrey Sutton has brought harm to Plaintiff's media company, "From the Inside Out" (FION), by "ranting" on FION's podcast, unlawfully recording conversations with company employees, posting photos online without consent, and continuing to broadcast with FION after his December 31, 2023

1

termination. (*See generally* Doc. 1). Plaintiff alleges Defendant Jeffrey Sutton's wife, Defendant Wendy Sutton, has not taken action to correct Defendant Jeffrey Sutton's allegedly harmful behavior. Plaintiff asserts violations of 15 U.S.C. § 1125(d), an anti-cybersquatting statute, as well as state law defamation, cyberbullying, and invasion of privacy claims. As relief, Plaintiff seeks declaratory, injunctive, and monetary relief.

In her Motion for Preliminary Injunction and Motion for Emergency Hearing, Plaintiff seeks "this Court's intervention, in order to prevent any further harm to Plaintiff, or to her personal property, also present any further harm to Plaintiff's Podcast channel/brand[.]" (Doc. 3 at 4). She asks the Court to grant her motion "by directing an 'emergency hearing' regarding this motion, and this civil action." (*Id.* at 5).

## II. Discussion

To receive a preliminary injunction, a movant must show that: (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the injunction is not granted; (3) the threatened injury to the movant outweighs any injury the proposed injunction might cause the opposing party; and (4) the injunction would not disserve the public interest. *In re Gateway Radiology Consultants,*

2

*P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). Plaintiff has not met that burden here.

The Court issued a separate order on today's date setting forth the facts underlying Plaintiff's claims and discussing the reasons why her factual allegations fail to state a plausible claim for relief under the Anticybersquatting Consumer Protection Act.[1] At the conclusion of that order, the Court directed Plaintiff to either file an amended complaint that cures the pleading deficiencies or notify the Court if she no longer wished to pursue her claims. Because Plaintiff's operative pleading fails to state a federal statutory claim against Defendant (or establish diversity jurisdiction),[2] she has correspondingly failed to demonstrate, at

---

[1] The Court has a statutory duty to screen Plaintiff's complaint because she is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2).

[2] In her complaint, Plaintiff asserts that this Court has federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1 at 3). But for the reasons explained in the Court's order, Plaintiff fails to state a plausible claim for relief under the cited federal statutes. Moreover, the complaint fails to provide sufficient information to determine whether the Court has diversity jurisdiction. Without diversity or federal question jurisdiction, the Court lacks subject matter jurisdiction over the case and would be

this stage of the case, a substantial likelihood of success on the merits and a hearing is not warranted. Because Plaintiff has failed to satisfy her burden of persuasion under the Eleventh Circuit's four-pronged standard, her "Motion for Preliminary Injunction and Motion for Emergency Show Cause Hearing" should be denied.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's "Motion for Preliminary Injunction and Motion for Emergency Show Cause Hearing," (Doc. 3), be **DENIED without prejudice**.

At Pensacola, Florida, this 29th day of May 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

forced to dismiss Plaintiff's complaint. Fed. R. Civ. P. 12(h)(3). Thus, even if Plaintiff could establish a substantial likelihood of success on her state law claims, it appears that the Court—at this point—lacks jurisdiction to resolve those state claims. *See, e.g.*, *Evansmill Townhomes Owners' Ass'n, Inc. v. Broner*, No. 1:22cv3595, 2022 WL 17920438, at *2 (N.D. Ga. Sept. 8, 2022) (denying motion for temporary restraining order and preliminary injunction because the court lacked subject matter jurisdiction); *Cullman Elec. Cooperative v. City of Cullman*, 576 F. Supp. 3d 942, 950 (N.D. Ala. 2021) (denying plaintiff's motion for preliminary injunctive relief because the court lacked subject matter jurisdiction over plaintiff's case). Thus, the Court currently would lack jurisdiction to issue a preliminary injunction.

## **Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.